**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4788**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

LEVNOUS ANDREW WHITSETT,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:13-cr-00073-TDS-1)

Submitted:  June 30, 2014                    Decided:  July 11, 2014

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric C. Bohnet, ERIC C. BOHNET, ATTORNEY AT LAW, Indianapolis,
Indiana, for Appellant. Ripley Rand, United States Attorney,
Terry M. Meinecke, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levnous Andrew Whitsett pled guilty, pursuant to a plea agreement, to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Whitsett to eighty-five months imprisonment. On appeal, Whitsett argues that the district court erred by using controlled substances other than the cocaine hydrochloride mentioned in his plea agreement to calculate his base offense level and by using conduct associated with dismissed counts as relevant conduct when applying a two-level sentencing enhancement under U.S. Sentencing Guidelines Manual, § 2D1.1(b)(12) (2012). We affirm.

Because Whitsett did not object to the presentence report on the grounds he pursues on appeal, we review his claims for plain error. See United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012); see also United States v. Olano, 507 U.S., 572, 732 (1993) (discussing standard of review). "When a defendant has committed multiple offenses similar to the charged offense, all conduct that is 'part of the same course of conduct or common scheme or plan as the offense of conviction' constitutes relevant conduct" under USSG § 1B1.3(a)(2). United States v. Hodge, 354 F.3d 305, 312-13 (4th Cir. 2004) (quoting USSG § 1B1.3(a)(2)); see also United States v. Dugger, 485 F.3d 236, 241-42 (4th Cir. 2007) (same). Prior offenses are part of

2

the same course of conduct if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Hodge, 354 F.3d at 313 (quoting USSG § 1B1.3 cmt.n.9(B)).

Whitsett first argues that the district court committed plain error when it considered substances other than cocaine hydrochloride as relevant conduct in determining his base offense level. The Sentencing Guidelines specifically state that, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." USSG § 1B1.3 cmt. background. Here, Whitsett pled guilty to conspiracy to distribute cocaine hydrochloride. However, during the investigation, he also sold cocaine base to a confidential informant; he confessed to receiving cocaine hydrochloride and receiving and purchasing marijuana; and officers recovered cocaine hydrochloride, cocaine base, and marijuana from his residence and his mother's residence. See Hodge, 354 F.3d at 313 (discussing factors courts consider in relevant conduct determination). Accordingly, we conclude that the district court did not err in using the other controlled substances in calculating Whitsett's

offense level because those substances were part of the same course of conduct.

Next, Whitsett asserts that the inclusion of other controlled substances in his offense level calculation is precluded by his plea agreement. This argument is similarly unpersuasive. The plea agreement did not preclude the use of other evidence or relevant conduct in establishing Whitsett's Guidelines range.

Finally, Whitsett claims that the district court committed plain error when it considered relevant conduct from counts that were dismissed in determining his offense level, specifically the two-level enhancement under USSG § 2D1.1(b)(12) for maintaining premises for manufacturing or distributing controlled substances. Whitsett was indicted for four separate offenses, including one for maintaining residences for the manufacture and distribution of a controlled substance. Officers recovered cocaine hydrochloride and cocaine base during searches of Whitsett's residence, and his mother's residence, and Whitsett admitted to officers during the searches that he had sold the same drugs during the conspiracy. Because it is clear that the conduct associated with the dismissed counts was part of the same course of conduct as the offense of conviction, we conclude that the district court did not err — plainly or otherwise — in considering conduct associated with the dismissed

4

counts as relevant conduct when it applied the two-level enhancement.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED